14-2678-cr
United States v. Gonzalez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand fifteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                  No. 14-2678-cr

JULIO CESAR GONZALEZ,

*Defendant-Appellant.*[*]

------------------------------------------------------------------

FOR APPELLANT:          James M. Roth, Stampur & Roth, New York, NY.

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLEE:      Andrea Surratt, Margaret Garnett, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant Julio Cesar Gonzalez appeals from a judgment of conviction entered on June 30, 2014, following a jury trial. Gonzalez was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine and one count of distribution of and possession with intent to distribute cocaine. On appeal, he argues principally that there was insufficient evidence to support a finding that he knowingly participated in the conspiracy, and that the District Court abused its discretion by limiting cross-examination and instructing the jury that a portion of defense counsel's summation was inaccurate. Following this Court's request for supplemental briefing regarding the District Court's instructions on the manner in which the jury may consider closing arguments, Gonzalez argued principally that those instructions constituted plain error. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

At trial, Gonzalez's co-defendant, Jose Benedy Escano Jimenez, testified that he repeatedly delivered cocaine to Gonzalez, who then re-sold the cocaine to his own customers. Escano further testified that Gonzalez initiated the transactions. Ramon Feliz, a cooperating witness, testified that in mid-October

2012 Gonzalez brokered an agreement to sell a kilogram of cocaine, which Feliz agreed to purchase for his customer. Having reviewed that and other testimony of Feliz and Escano, which we assume the jury credited, we conclude that there was sufficient evidence from which a reasonable juror could have found that Gonzalez knew of the existence of the cocaine distribution scheme and knowingly joined and participated in it. See United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014).

We also reject Gonzalez's arguments regarding the District Court's limitations on cross-examination and curative instruction. In particular, Gonzalez argues that the District Court erred by arbitrarily limiting the length of defense counsel's cross-examinations, and that the error was not harmless. Assuming that harmless-error rather than plain-error analysis applies, we conclude that the error was harmless. See United States v. Treacy, 639 F.3d 32, 45 (2d Cir. 2011). Defense counsel was able to question Feliz and Escano extensively on matters related to their credibility, and nothing in the record suggests that counsel was precluded from exploring avenues of inquiry that might have affected the jury's deliberations. As for the curative instruction, given the lack of evidentiary support for defense counsel's statement during summation that Feliz "knows he's never going to face another day in jail," the District Court did not err in instructing the jury that Feliz had not yet been sentenced and that defense counsel's statement was therefore inaccurate.

Finally, we conclude that although the District Court committed serious error by twice instructing the jury not to consider counsels' summations,[1] the

---

[1] The two erroneous instructions are as follows. First, as part of its admonition concerning defense counsel's summation, the District Court instructed the jury, "Anything that you hear from the attorneys or anything that you may hear from

3

instructions did not constitute plain error. Under the circumstances of this case, where the District Court correctly instructed the jury five times about the proper consideration to give summations, the erroneous instructions, "when taken in context, did not eviscerate the rest of the instruction." United States v. McGinn, 787 F.3d 116, 127 (2d Cir. 2015). Nor did the District Court commit a structural error that "categorically vitiate[s] . . . the jury's findings" or "implicate[s] the overall fundamental fairness of" Gonzalez's case. United States v. Moran-Toala, 726 F.3d 334, 344 (2d Cir. 2013) (quotation marks omitted). In arriving at this conclusion we do not mean to minimize the seriousness of the District Court's misstatement of the law. Far from being unworthy of consideration, a party's summation functions "to explain to the jury how that party views the evidence the jury has seen and heard and to suggest to that body what significance or inference it should attach to or draw from the evidence under the relevant law charged by the trial court." United States v. Arboleda, 20 F.3d 58, 61 (2d Cir. 1994). Furthermore, although we hold that the District Court's errors were neither plain nor structural, we emphasize that district courts should exercise great care in formulating individual corrective jury instructions. Cf. Brown v. Greene, 577 F.3d 107, 113 (2d Cir. 2009). When a district court gives such an individual curative instruction, it would also be helpful to remind the jury to

the outside should not be given any consideration by you." Second, during deliberations, in connection with giving a curative instruction that counsel had agreed upon, the District Court instructed, "As I reminded you on numerous occasions, what attorneys say during closing arguments is not evidence and should not be considered by you in determining the facts of this case nor are any statements made by attorneys about the applicable law to be considered by you in this connection."

consider the individual instruction together with all of the other instructions given by the court.

We have considered Gonzalez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court